STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
VALLI JO WILLIAMS, RESPONDENT.
676 N.W.2d 376

Filed March 26, 2004.   No. S-04-259.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

On February 26, 2004, relator, the Counsel for Discipline of the Nebraska Supreme Court, filed a motion for reciprocal discipline pursuant to Neb. Ct. R. of Discipline 21 (rev. 2001) against respondent, Valli Jo Williams. The motion sought to impose an appropriate disciplinary sanction against respondent in Nebraska as a result of the revocation of respondent's license to practice law in the State of Iowa by the Iowa Supreme Court. On March 3, 2004, respondent filed a voluntary surrender of her license to practice law in the State of Nebraska.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on March 30, 1983. She was also admitted to practice law in the State of Iowa. On July 2, 2003, the Iowa Supreme Court Board of Professional Ethics and Conduct (Board) filed a complaint against respondent after she pled guilty in federal court to charges of interstate transportation of stolen property and wire fraud. The charges stemmed from respondent's employment in the claims departments of two employers and her submission to

those employers of fictitious accident claims, resulting in respondent's receipt of $1,062,339.68 in insurance payments for those fictitious claims. As a result of her guilty pleas, respondent was sentenced to two 30-month terms of imprisonment, to be served concurrently, and ordered to pay restitution.

The Board's complaint charged respondent with multiple violations of the Iowa Code of Professional Responsibility. In *Iowa Supreme Court Bd. of Professional Ethics and Conduct v. Williams*, No. 03-1702, 2004 WL 345595 (Iowa Feb. 25, 2004), the Iowa Supreme Court determined that respondent took advantage of positions of trust, defrauded two separate employers in excess of $1 million, and misappropriated such amounts to her personal use. The court further determined that respondent's actions were not an isolated instance of misconduct, but a carefully planned scheme involving wire fraud and interstate transportation of stolen property taking place over a 7-year period. The court concluded, inter alia, that based upon her actions, respondent violated numerous disciplinary rules by engaging in illegal conduct involving moral turpitude; engaging in illegal conduct involving dishonesty, fraud, deceit, or misrepresentation; and engaging in conduct that adversely reflected upon her fitness to practice law. On February 25, 2004, the Iowa Supreme Court revoked respondent's license to practice law in Iowa.

On February 26, 2004, relator filed a motion for reciprocal discipline pursuant to rule 21, seeking an order of appropriate discipline, which discipline could include disbarment. The motion recited, inter alia, respondent's federal indictment and guilty pleas to interstate transportation of stolen property and wire fraud, the sentences that were entered upon those guilty pleas, and the Iowa Supreme Court's revocation of respondent's license to practice law in Iowa. Attached to the motion was a copy of the *Iowa Supreme Court Bd. of Professional Ethics and Conduct v. Williams* opinion, which was incorporated into the motion by reference.

On March 3, 2004, respondent filed with this court a voluntary surrender of license, voluntarily surrendering her license to practice law in the State of Nebraska. In her voluntary surrender, respondent stated that she "knowingly" did not contest the truth of the allegations set forth in the motion for reciprocal discipline

and effectively waived all proceedings against her. In addition to surrendering her license, respondent consented to the entry of an order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered her license to practice law, admitted in writing that she knowingly does not challenge or contest the truth of the allegations set forth in the motion for reciprocal discipline, waived all proceedings against her in connection therewith, and consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the pleadings in this matter, the court finds that respondent knowingly did not challenge or contest the truth of the allegations set forth in the motion for reciprocal discipline and that her waiver was knowingly made. The court accepts respondent's surrender of her license to practice law, finds that respondent should be disbarred, and hereby orders her disbarred from the practice of law in the State of Nebraska effective immediately. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF DISBARMENT.